**Electronically Filed
Intermediate Court of Appeals
29945
26-FEB-2013
08:02 AM**

NO. 29945

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KATHLEEN R. TRETSVEN, Plaintiff-Appellant, v.
JEFFREY A. TRETSVEN, Defendant-Appellee


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 99-0718)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Plaintiff-Appellant Kathleen R. Tretsven ("Kathleen") appeals from (i) the June 16, 2009 Order Re: Plaintiff's Motion to Alter or Amend Order, Filed April 13, 2009 and Defendant's Motion for Relief From Judgment or Order Due to Mistake, Filed April 15, 2009 ("June 16, 2009 Order") and (ii) the September 2, 2009 Order Denying Motion to Alter or Amend Order Motion for Reconsideration of Order Re: Plaintiff's Motion to Alter or Amend Order Filed July 17, 2009,[1] filed in the Family Court of the First Circuit ("Family Court").[2]

On appeal, Kathleen asserts that the Family Court erred in concluding that post-judgment interest began to accrue on the $30,582.00 equalization payment that she owed to Defendant-Appellee Jeffrey A. Tretsven ("Jeffrey") on November 6, 2002, because (1) the November 6, 2002 Order Re: Remand Conference ("November 6, 2002 Order") was not a judgment upon which statutory interest could accrue pursuant to Hawaii Revised Statutes ("HRS") § 478-3; (2) the November 6, 2002 Order was not

---

[1] An amended order was filed on September 16, 2009, which merely fixed clerical errors in the September 2, 2009 order.

[2] The Honorable Darryl Y.C. Choy presided.

an order or judgment under Hawai'i Family Court Rules Rule 54(a); (3) the November 6, 2002 Order did not determine a sum to be owing which was ascertained and liquidated to a fixed and certain amount; and (4) the court failed to consider the doctrines of estoppel and waiver. Kathleen further contends that (5) the Family Court erred in concluding that her Motion to Alter or Amend Order Motion for Reconsideration of Order Re: Plaintiff's Motion to Alter or Amend Order, filed July 17, 2009 ("July 17, 2009 Motion to Alter or Amend") was untimely.

In his answering brief, Jeffrey contends that the Family Court's jurisdiction to amend the property division and debt allocation provisions on remand lapsed one year after this court issued its Notice and Judgment on Appeal on October 30, 2002. Consequently, Jeffrey argues, the only valid post-divorce order that the Family Court entered modifying the parties' divorce decree provisions concerning the division and disposition of property and allocation of debts was the November 6, 2002 Order. Kathleen argues that Jeffrey is judicially estopped from arguing that the amended decree never needed to be filed.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kathleen's points on appeal as follows:

The Family Court abused its discretion by ordering that, pursuant to HRS § 478-3, interest would begin to run on Kathleen's equalization obligation from November 6, 2002. *See Metcalf v. Voluntary Emps.' Benefit Ass'n of Hawai'i*, 99 Hawai'i 53, 57, 52 P.3d 823, 827 (2002) ("This court reviews rulings on interest pursuant to HRS §[] 478-3 . . . for abuse of discretion."). Under HRS § 478-3, "[i]nterest at the rate of ten per cent a year, and no more, shall be allowed on any *judgment* recovered before any court in the State, in any civil suit." HAW. REV. STAT. § 478-3 (2008) (emphasis added). "Judgment," as used in the statute, refers to a "money judgment" — a final and appealable decree or order that requires the payment of money or its equivalent. *See Kamaole Resort Twenty-One v. Ficke Hawaiian Invs., Inc.*, 60 Haw. 413, 419-20, 591 P.2d 104, 108-09 (1979).

The November 6, 2002 Order was entered in response to this court's decision in *Tretsven v. Tretsven*, No. 24061, 2002 WL 31186213 (Haw. Ct. App. Sept. 20, 2002) (mem.) ("*Tretsven I*"). Jeffrey had appealed from the November 20, 2000 Divorce Decree, which, among other things, ended Kathleen and Jeffrey's marriage and divided and distributed their property and debts. The court in *Tretsven I* held that the Family Court's property-and-debt analysis was lacking, vacated the Division and Distribution of Property and Debts section of the Divorce Decree, and remanded for reconsideration with instructions for the Family Court to, among other things, "[d]etermine the Partnership Model Division by finding the assets, debts, and values of the parties and categorizing those assets, debts, and values."

The November 6, 2002 Order stated that it had orally divided the estate of the parties. It did not, however, state how the estate of the parties was to be divided. Noting that it did not intend to deviate from marital partnership principles, the Family Court held that Kathleen "shall be required to make an equalization payment of $33,383.00" to Jeffrey. The Family Court ordered Jeffrey's attorney "to prepare an amended decree that shall be submitted within fourteen (14) days."

Despite the Family Court's order, an amended decree was not filed for more than six years, on March 9, 2009 ("First Amended Divorce Decree"). On April 13, 2009, Kathleen filed a Motion to Alter or Amend Order, arguing that, among other things, the First Amended Divorce Decree contained a mathematical error insofar that the equalization payment should have been $30,582, not $33,383. On April 15, 2009, Jeffrey filed a Motion for Relief from Judgment or Order Due to Mistake, arguing that, among other things, the First Amended Divorce Decree should have provided for the accrual of 10% interest on the equalization obligation from November 6, 2002, pursuant to HRS § 478-3.

At the April 21, 2009 hearing on these motions, Kathleen disputed that statutory interest should run from November 6, 2002, contending that the November 6, 2002 Order was merely an interim order and that an amended divorce decree had not been filed until March 9, 2009. The Family Court disagreed

with Kathleen and, stating that the November 6, 2002 Order is "about the closest we're going to get to a final judgment[,]" concluded that the November 6, 2002 Order was "appealable as a final order." While agreeing with Kathleen that a mathematical error had been made, the Family Court found in the June 16, 2009 Order that HRS § 478-3 "would apply regarding interest on the judgment. As such, [i]nterest shall accrue on the $30,582 at the rate of 10% per annum from November 6, 2002." On June 23, 2009, the Family Court filed a second amended divorce decree reflecting this finding.

"Hawai'i divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) spousal support; (3) child custody, visitation, and support; and (4) division of assets and debts." *Chen v. Hoeflinger*, 127 Hawai'i 346, 354-55, 279 P.3d 11, 19-20 (App. 2012). "Part (4) is only final and appealable when the marriage is formally dissolved and when the family court fully and finally divides and distributes the parties' property [and debts] within its jurisdiction." *Id.*

Here, the November 6, 2002 Order was not a judgment within the meaning of HRS § 478-3 because it did not divide and distribute the parties' property and debts, as this court ordered the Family Court to do in *Tretsven I*, and was, thus, not appealable.[3] The fact that the Family Court orally divided the parties' estate at the November 6, 2002 hearing does not change the result. *KNG Corp. v. Kim*, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (oral decisions are not appealable). Although the November 6, 2002 Order referenced the fact that the Family Court had orally divided the property and was adopting such division, it did not in any way reduce to writing the specific division of

---

[3] Jeffrey argues that the November 6, 2002 Order is appealable because "Kathleen was to pay Jeffrey $33,383 as a property division equalization payment. The other property division and debt allocation provisions of the *Divorce Decree* remained unchanged." Nothing in the November 6, 2002 Order, however, indicates that, except for the equalization payment, the Family Court divided the parties' property and debts exactly as it did in the November 20, 2000 Divorce Decree.

property.[4]  Therefore, the November 6, 2002 Order was not final and appealable and the Family Court abused its discretion by ordering that interest began to accrue on November 6, 2002.[5]

Because the Family Court committed its error in the June 16, 2009 Order, the remaining points of error, including point of error 5 relating to the timeliness of the July 17, 2009 Motion to Alter or Amend, are moot.

Therefore, the portion of the June 16, 2009 Order Re: Plaintiff's Motion to Alter or Amend Order, Filed April 13, 2009 and Defendant's Motion for Relief from Judgment or Order Due to Mistake, Filed April 15, 2009 relating to statutory interest is vacated, and we remand the case for further proceedings.

DATED:  Honolulu, Hawaiʻi, February 26, 2013.

On the briefs:

Paul A. Tomar,
Lynne J. McGivern, and
Jill M. Hasegawa
(Ashford & Wriston)
for Plaintiff-Appellant


Robert M. Harris and
Dyan K. Mitsuyama
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[4]     The November 6, 2002 Order stated:

> Upon review of the parties['] respective position statements and consistent with the memorandum opinion of the Intermediate Court of Appeals, the court orally divided the estate of the parties, and intending no deviation from marital/partnership property division principles, adopts such division and wife shall be required to make an equalization payment of $33,383.00 to husband. [Jeffrey's attorney] to prepare an amended decree that shall be submitted within fourteen (14) days.


[5]     Jeffrey argues that the Family Court lacked jurisdiction to redivide and distribute the parties' property and debts pursuant to HRS § 580-56(d).  We reject this argument because HRS § 580-56(d) only limits "a spouse's right to dower or curtesy in his or her deceased former spouse's estate."  *Riethbrock v. Lange*, 128 Hawaiʻi 1, 3, 282 P.3d 543, 545 (2012).